UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WORLD HERITAGE ANIMAL<br>GENOMIC RESOURCES, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-334-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALTON H. STULL, SR., et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action involves the potential eviction of Plaintiff World Heritage Animal Genomic Resources ("WHAGR") from property leased from Defendants Alton H. Stull, Sr., and Brenda Stull (collectively, "the Stulls"). WHAGR and its president, Lucinda Christian, seek entry of a restraining order or temporary injunction to prohibit the eviction. However, because the only purported federal claim does not "arise under" federal law, this Court lacks jurisdiction over the matter and it will be dismissed.

WHAGR is a non-profit organization "whose mission entails the collection and preservation of rare and endangered animals." [Record No. 1, p. 4] In 2018, it established an educational research facility in Mt. Sterling, Kentucky, on property owned by the Stulls.[1] [*Id.*] In late 2019, the plaintiffs claim that WHAGR's animals "began dying unexpectedly and at an

---

[1]    A number of WHAGR's claims turn on the parties' obligations under the land purchase agreement and the circumstances attendant to its formation. Because the plaintiffs have not properly alleged a federal cause of action, the Court does not have supplemental jurisdiction over the state law claims.

unusually fast rate." [*Id.* at p. 6]  The animals were diagnosed with salmonella typhimurium ("salmonella").  [Record No. 6-9]  Around the same time, WHAGR discovered the remains of two long-deceased cows on the property, both lying in "riparian corridor[s]" near water sources.  [Record No. 1, p. 6]  It believes that either latent conditions on the property or the Stulls' improper disposal of the cows caused its own animals' current infections.  [Record No. 1, pp. 6-7]

WHAGR reported the salmonella contamination to state and federal authorities. [Record No. 6-1, p. 3]  At some point thereafter, the parties' relationship deteriorated.[2]  The Stulls now claim that WHAGR breached their agreement by failing to pay rent and have threatened eviction.  [Record No. 6-10]  However, WHAGR argues that it is current on its rent payments.  [Record No. 6-11]  It asks this Court to enjoin the Stulls' threatened eviction, while acknowledging that its claims are based predominantly under state law.[3]  Nevertheless, it asserts that the Court has jurisdiction because its claim for injunctive relief is "created by federal law."[4]  [Record No. 8, p. 2]

The Animal Health Protection Act ("Act"), in relevant part, is concerned with the interstate movement of animals that pose a danger to public health. *See* 7 U.S.C. § 8305.

---

[2]    For example, WHAGR asserts that it has been locked out of portions of the property, that one of the Stulls allowed a known dangerous dog to maim one of WHAGR's animals, and that the Stulls threatened it by shooting firearms on the property in the middle of the night. [Record No. 1, pp. 5, 7]

[3]    WHAGR delineates all of its claims as "State Law Causes of Action" except for Count I for "Temporary and Permanent Injunctive Relief."  [Record No. 1]

[4]    WHAGR asserts the same right to relief under Kentucky Revised Statutes § 257.040. [Record No. 6, p. 6 n.6]

Regulations promulgated under the Act prohibit the movement of diseased animals without a health certificate. 9 C.F.R. § 71.3.

The Complaint indicates that the Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [Record No. 1]  "A case 'arises under federal law if it is apparent *from the face of the complaint* that the plaintiff's cause of action is a creature of federal law, or that a federal law is an essential component of the plaintiff's state law claim." *Bullitt Cty. Fiscal Court v. Newsome*, 60 F.3d 828, 828 (6th Cir. 1995) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)) (emphasis added).

Federal courts "narrowly apply[] the principles of 28 U.S.C. § 1331 and the well-pleaded complaint rule to possessory land actions brought in federal court." *Oneida Indian Nation of N. Y. State v. Oneida Cty., New York*, 414 U.S. 661, 683 (1974) (Rehnquist, J., concurring) (refusing to find subject-matter jurisdiction even where the right to possession derived from a federal land grant).  In such a context, the "threshold allegation required of such a well-pleaded complaint" is "the right to possession . . . *based on federal law*." *Id.* at 666 (majority opinion) (emphasis added).   The federal law issue must "not arise solely in anticipation of a defense." *Id.*

WHAGR mischaracterizes the nature of its action.  Although it asserts that its claim for injunctive relief "is created by federal law," that simply is not the case.  [Record No. 8, p. 1]  Any claim WHAGR has to injunctive relief depends first on whether it has a right to possess the property in question.  The Court turns to state law to answer this question.  *See Curry v. McCanless*, 307 U.S. 357, 363 (1939).  Only if that inquiry were determined in the negative

would the Act be implicated at all in this matter.  It is true that any attempt by WHAGR to "transport its animals across state lines . . . would likely be prevented by the language of 9 CFR § 71.3."  [Record No. 8, p. 3]  But such movement would only occur in if WHAGR were evicted, which means the Act would only be implicated if state law did not entitle WHAGR to relief.[5]  In other words, WHAGR asserts that the Court has jurisdiction because a federal question is raised by one possible answer to a state law question.[6]  *See Gully v. First Nat. Bank*, 299 U.S. 109, 117 (1936) (finding no jurisdiction where the plaintiff had "to prove that the state law ha[d] been obeyed before the question will be reached whether anything . . . [was] inconsistent with the federal rule").  Nothing on the face of WHAGR's Complaint or in its subsequent effort to the Court's Show Cause Order indicates that federal law provides it with a right to relief.  Accordingly, it is hereby

**ORDERED** as follows:

1.    The plaintiff's motion for a temporary restraining order [Record No. 6] is **DENIED** as moot.

2.    The hearing previously scheduled for August 18, 2020, [Record No. 7] is **CANCELED**.

---

[5]    Also, WHAGR's fear of violating the Act may be misplaced.  It has not alleged that it has any plans to move the animals across state lines.  The Act only regulates interstate movement.  Intrastate movement would implicate only Kentucky law and would raise no federal question.

[6]    For this reason, the Court finds it unnecessary to take up WHAGR's arguments that "[f]ederal regulations have been the basis of subject matter jurisdiction and have been interpreted to satisfy the federal element."  [Record No. 8, p. 2]  Accepting WHAGR's argument would not answer whether their claims arise under federal law, for the reasons stated above.

3.      The plaintiff's Complaint [Record No. 1] is **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.  This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated:  August 14, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky